# FRANK CERVENY v. FRANK UHERKA.[1]

November 18, 1910.

Nos. 16,816—(70).

**Adverse possession.**
> The evidence justified the trial court in finding that respondent had acquired title to the strip of land in dispute by adverse possession.

Action in the district court for McLeod county to have a certain boundary line fixed and determined. The answer admitted the lands claimed by defendant abutted upon plaintiff's land and that a dispute had arisen as to the exact location of the boundary line between the premises; denied that defendant claimed any portion of plaintiff's land and demanded that the action be dismissed. The reply was a general denial. The case was tried before Morrison, J., who made findings of fact and as conclusion of law found plaintiff entitled to judgment fixing and establishing the boundary line between plaintiff's and defendant's lands on the line claimed by plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*William O. McNelly,* for appellant.

*C. M. Tifft,* for respondent.

Lewis, J.

Respondent, claiming to be the owner of the northwest quarter of the southwest quarter and the north one-half of the southwest quarter of the southwest quarter of section 13, township 117, range 29, brought this action under the statute to determine the boundary line between his premises and those claimed to be owned by appellant, which adjoined him on the east. The amount of land in dispute did not exceed a strip eight feet wide, and the trial court found

[1]Reported in 128 N. W. 457.

112 M.—27.

that respondent had been in the continuous, notorious, hostile, exclusive, and adverse possession of it for the period of twenty-seven years, and judgment was ordered for him. On this appeal it is asserted that the decision is unsupported by any reasonable evidence.

Appellant attempted to establish the boundary line by evidence of an actual survey, which was exceedingly indefinite. The evidence offered on the part of respondent was to the effect that a certain tree, rock pile ridge, and certain fences had defined the line for the entire distance, and that respondent and his predecessors had cultivated or used the land to the west of this line, and maintained uninterrupted adverse possession thereof for the entire period. We consider the evidence sufficient to sustain the decision.

Affirmed.